UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:23-cr-104-TPB-AAS

MICHAEL DWAN MUNSON,

    Defendant.
_____/

**ORDER OF DETENTION**

    This matter is before the Court following a hearing regarding Defendant's detention. (Doc. 27). Previously, Magistrate Judge Thomas G. Wilson ordered Defendant detained without bail. (Doc. 16). Defendant challenges the detention order and requests immediate release with conditions. (Doc. 17).

    Defendant has been charged with one count of possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); and one count of possession with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). As Judge Wilson noted, because the potential penalty for the offenses exceeds ten years, there is a rebuttable presumption that no condition of release, or combination of conditions of release, will reasonably assure the appearance of the

defendant, or the safety of the community, if the court finds there is probable cause to believe that the offense has been committed.   8 U.S.C. § 3142(e). The indictment establishes probable cause.   (Doc. 1).

In addition, Defendant is accused of selling fentanyl, a serious crime weighing in favor of detention.   It is well-established that fentanyl is a deadly drug that has killed many people.   In fact, fentanyl overdose is currently the leading cause of death among Americans between the ages of 18 to 45.   Defendant's alleged intent to distribute fentanyl establishes that he is a danger to the community.

Defendant is aware of damaging evidence against him, *including that he was captured on video and audio tape* selling drugs to an undercover law enforcement on three occasions.   Moreover, Defendant is facing minimum mandatory sentences, so he is a flight risk.

Although Defendant has family ties to the community and has suggested house arrest and electronic monitoring as an alternative to pretrial detention, these are not enough to rebut the presumption that he is a flight risk and will not appear as required.   Based on the forgoing, the Court finds that no conditions of release will reasonably assure the appearance of Defendant or the safety of the community. The motion is denied.   Defendant shall remain detained without bail.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   Defendant's "Motion and Memorandum to Revoke the Magistrate Judge's Detention Order and Request Immediate Release with Conditions" (Doc. 17) is denied.

(2) Defendant shall remain detained without bail.

(3) Defendant remains committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

(4) Defendant shall be afforded reasonable opportunity for private consultation with counsel.

(5) The person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purposes of appearing in court as necessary.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**