**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No.: 8:23-cr-104-TPB-AAS

MICHAEL DWAN MUNSON,

Defendant.
_______________________________________/

## ORDER DENYING DEFENDANT'S MOTIONS

This matter is before the Court on the following motions:

> Defendant's Motion for New Trial (Post-Verdict) (Doc. 234), filed by counsel on June 19, 2026;
>
> Defendant's Amended Motion for Judgment of Acquittal (Post-Verdict) (Doc. 238), filed by counsel on June 29, 2026; and
>
> Defendant's Amended Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and, in the Alternative, Motion for new Trial Pursuant to Federal Rule of Criminal Procedure 33 (Doc. 240), filed *pro se* on July 6, 2026.

The Government filed a combined response in opposition. (Doc. 250). Upon review of the motions, response, court file, and the record, the Court finds as follows:

## Background

Beginning in October 2022, and continuing through April 5, 2023, Defendant conspired to distribute 400 grams or more of a mixture containing fentanyl, 50 grams or more of methamphetamine, and one kilogram or more of heroin. **The conspiracy reached to a source supply in California according to statements made by Defendant in a recorded jail call.**

Beginning in October 2022, a person who later became a confidential source provided narcotics given to him by Defendant for distribution. On or about October 18, 2023, Defendant provided methamphetamine and fentanyl to the source – tests conducted by the Florida Department of Law Enforcement determined the drugs to be 43 grams of a mixture containing methamphetamine and 84.41 grams of a mixture containing fentanyl. The following day, agents conducted a controlled payback of US currency for the drugs.

Over the next few months, agents arranged for controlled purchases with Defendant at a Waffle House in Brandon, Florida. Each time, Defendant delivered various drugs, including methamphetamine and fentanyl, to either a confidential source or undercover agent. The substances were tested by laboratories and confirmed to be controlled substances. Defendant continued to communicate with the undercover agent about narcotics sales, including sending photographs depicting pressed bricks with owl imprints and using coded language to refer to methamphetamine and fentanyl.

On March 23, 2023, a federal magistrate judge issued a search warrant for 1407 Wickford Place in Brandon, Florida, which Defendant used as a stash house. On April 5, 2023, agents arrested Defendant at his home and executed the search warrant at 1407 Wickford Place that same morning. During the search, agents recovered pieces of paraphernalia used for mixing and packaging narcotics, including a kilogram press, bowls, mixers, a scale, a gas mask, baggies, cutting agents, a vacuum sealer, and owl pieces similar to those in the photographs sent by Defendant. Agents also recovered bags of narcotics that were sent to a laboratory for testing. The laboratory identified

these items as 1,013.8 grams of a mixture containing fentanyl and para-flurofentanyl; 995.6 grams of a mixture containing fentanyl, heroin, and para-flurofentanyl; 210.2 grams of pure methamphetamine; 33.8 grams of a mixture containing fentanyl; 2.72 grams of a mixture containing fentanyl and para-flurofentanyl; 16.6 grams of a mixture containing fentanyl and para-flurofentanyl; 228.4 grams of a mixture containing fentanyl and para-flurofentanyl; 25.6 grams of a mixture containing fentanyl, heroin, and para-flurofentanyl; and 33.1 grams of fentanyl, heroin, and para-flurofentanyl. During a recorded call, Defendant explained that he obtained narcotics from a person in California who also supplied to other states, and that he owed this person $6,000.

On March 23, 2023, a federal grand jury returned a three-count indictment charging Defendant with drug distribution charges. On June 14, 2023, a federal grand jury returned a four-count superseding indictment charging Defendant with one count of conspiracy to distribute 50 grams or more of methamphetamine and 40 grams or more of fentanyl, and three counts of drug distribution.

After extensive discovery and bond matters, this case was set for trial with a pretrial on August 19, 2024. On August 13, 2024, a federal grand jury returned a five-count second superseding indictment charging Defendant with one count of conspiracy to distribute 50 grams or more of methamphetamine, 400 grams or more of fentanyl, and one kilogram or more of heroin, and four counts of drug distribution. The second superseding indictment also alleged that the offenses occurred within fifteen years of Defendant's release from a sentence of more than twelve months for a serious drug felony.

The case was then set for trial on November 4, 2024. On the morning of trial, Defendant entered a guilty plea. Sentencing was scheduled for January 29, 2025. Defendant then participated in the presentence investigative report process. After a final PSR was issued on January 22, 2025, Defendant sought to continue his sentencing. The sentencing was continued to March 13, 2025, then April 29, 2025, and finally July 17, 2025. The day before sentencing, on July 16, 2025, Defendant filed a motion to withdraw his plea. The Court granted the motion over the United States' objection.

Following additional pretrial motions, including an unsuccessful *Kastigar* motion, this matter finally proceeded to jury trial on May 4, 2026. During the trial, the United States presented testimony from eleven witnesses, including five law enforcement witnesses, the undercover agent, a special agent, and chemists. The Government also tendered physical exhibits, including the drugs purchased from Defendant, audio and video of controlled purchases, and recorded phone calls and text messages. After three days of trial, a jury found Defendant guilty on all counts. In a bifurcated proceeding, the jury also made a finding to satisfy the charged sentencing enhancements.

## Legal Standard

### ***Judgment of Acquittal***

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to

sustain a conviction." Fed. R. Crim. P. 29(a). The court may reserve ruling, and after a jury verdict, the defendant may renew his motion. Fed. R. Crim. P. 29(c).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

***New Trial***

A new trial may be granted either in the interests of justice or on the basis of newly discovered evidence. Fed. R. Crim. P. 33(e); *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Here, Defendant only appears to present the interests of justice as a reason for new trial – he does not cite to any newly discovered evidence.

The trial court maintains discretion to decide whether to grant a motion for new trial, *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994), and when deciding whether to grant a motion for new trial, the trial court must give proper deference to the jury's factual findings. *See United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999). "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the

evidence and consider the credibility of the witnesses." *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citation and quotation omitted).

Importantly, the Eleventh Circuit Court of Appeals has made it clear that "[a] motion for new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (citation omitted); *United States v. Williams*, 146 F. App'x 425, 434 (11th Cir. 2005). The trial court is not permitted to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1313. Ultimately, "[m]otions for new trials based on the weight of the evidence are not favored" and should be granted in "only those really exceptional cases." *Id*. (citation and internal quotation omitted).

## **Analysis**

Defendant argues that he is entitled to either acquittal or a new trial. He challenges the sufficiency of the evidence on the grounds that the lab reports (which were not admitted as evidence) were replete with errors, that there was insufficient evidence of conspiracy, that the United States made an improper argument in closing, that the United States failed to establish chain of custody, that the United States failed to introduce evidence logs, and that the United States failed to establish sufficient evidence of constructive possession as it relates to Count Five. Defendant argues that these cumulative errors warrant a new trial.

In this case, constitutionally admissible evidence was presented at trial, and Defendant was not excluded from arguing his defense – he was allowed to make all objections and arguments that he felt were necessary during trial. And at closing, Defendant was given the opportunity to argue the facts of his case.

The testimony and evidence presented at trial – including recorded phone calls and text messages, audio and video of controlled purchases, and testimony from agents and chemists – was more than sufficient to support the charges that Defendant was convicted of. **In particular, the conspiracy charge is supported by Defendant's own recorded statements that he owed a debt to a source in California and sent women out to California to conduct business, and that Defendant and the confidential informant had a relationship *before* the person began working on behalf of the Government.**

As to the physical evidence, each drug exhibit was introduced with packaging and seals. The agent identified each exhibit and label, as well as their seal. Each chemist inspected the packaging and identified their access point to the exhibit and seal, and testified about their testing. The defense cross examined chemists about error readings and used bench notes and lab reports as part of the cross examination. The jury heard testimony regarding the chain of custody, and there is no evidence of tampering. The drug reports themselves were not admitted into evidence.

Finally, the jury heard evidence of Defendant's constructive possession of the Wickford residence, including that Defendant was surveilled to and from the location during the undercover operations. The jury received exhibits and photographs collected from the search warrant, which directly matched images sent from

Defendant to the undercover agent, including images of the kitchen and dining room threshold, the owl stamps, and the blue canister kilo press.

The evidence presented at trial is enough to sustain the jury's verdict, and Defendant has not met his burden in showing the interests of justice require a new trial.

## Conclusion

Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence presented at trial established guilt beyond a reasonable doubt as to each count. Furthermore, none of the arguments presented by Defendant warrant acquittal or a new trial.

The United States introduced constitutionally permissible evidence, and Defendant was permitted to cross examine the Government's witnesses and argue his defense. Defendant made these same arguments in closing. The jury concluded that Defendant was guilty. None of these arguments now warrant either acquittal or a new trial. Consequently, Defendant's motions (Docs. 234, 238, 240) are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of July, 2026.



TOM BARBER
UNITED STATES DISTRICT JUDGE